IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAUREEN J.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 18 C 5660 |
| v. ) | |
| ) | Magistrate Judge |
| KILOLO KIJAKAZI, Acting ) | Maria Valdez |
| Commissioner of Social Security[2], ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Maureen J.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request for reversal of the Commissioner's decision is granted, and the Commissioner's motion for summary judgment [Doc. No. 24] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I.  PROCEDURAL HISTORY

In February 2015, Plaintiff filed a claim for DIB, alleging disability since January 8, 2015, due to fibromyalgia and incontinence. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on May 9, 2017. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A vocational expert also testified.

On October 25, 2017, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II.  ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of January 8, 2015. At step two, the ALJ concluded that Plaintiff had the following severe impairments: bladder incontinence, fibromyalgia, and muscle and joint pain. The ALJ concluded at step three that her impairments, alone or in combination, do not meet or medically equal

a Listing. Before step four, the ALJ determined that Plaintiff retained the RFC to perform light work except:

> [S]he can frequently reach overhead bilaterally. She can frequently reach in all other directions bilaterally. She can frequently handle and finger bilaterally. The claimant can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds. She can occasionally stoop, kneel, crouch and crawl. The claimant can frequently work at unprotected heights; work around moving, mechanical parts; and operate a motor vehicle. She can frequently work in weather, in humidity and wetness, extreme cold, and in dust, odors, fumes and pulmonary irritants. The claimant must work within 3 minutes access to a bathroom and must be allowed 2 unscheduled, 5 minute bathroom breaks in addition to normal breaks and lunch. She can assume no position for longer than 45 minutes. If she does need to sit, she can stand or walk for 45 minutes at one time, she must be allowed to assume a different position for five minutes before resuming the prior position without abandoning her workstation or losing concentration on her assigned work duties.

(R. 21.)

At step four, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as a durable medical equipment sales representative. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience and RFC, the ALJ concluded that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which

3

has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.   JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial

4

evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a Plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a Plaintiff is disabled falls upon the

Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III. ANALYSIS

Plaintiff argues, among other things, that the ALJ's decision was in error because when forming Plaintiff's RFC, he did not comply with SSR 96-8p,[3] which requires a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (*e.g.*, laboratory findings) and nonmedical evidence (*e.g.*, daily activities, observations)." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). Specifically, Plaintiff contends that the ALJ did not sufficiently explain his rationale for the RFC limitations intended to accommodate her incontinence and pain and fatigue caused by fibromyalgia.

In his RFC finding, the ALJ limited Plaintiff to working within three minutes of bathroom access and included two five-minute bathroom breaks in addition to ordinary breaks and lunch. Plaintiff experiences bladder incontinence exacerbated by stress, and she was prescribed medication and wore diapers. Urine would leak throughout the day, she needed to use the restroom between chores, it prevented her from walking long distances, and she would wet herself when anxious. She complains that the ALJ failed to inquire about the effect of her incontinence on

---

[3] Interpretive rules, such as Social Security Rulings ("SSR"), do not have force of law but are binding on all components of the Agency. 20 C.F.R. § 402.35(b)(1); *accord* Lauer v. Apfel, 169 F.3d 489, 492 (7th Cir. 1999).

6

work-related functions and instead simply added bathroom breaks to the RFC without considering whether that that was sufficient to accommodate her impairment.

Plaintiff further maintains that the ALJ did not provide adequate support for the RFC's postural limitations on standing/walking for no more than forty-five minutes; assuming no position for longer than forty-five minutes; and being allowed to assume a different position for five minutes after sitting, standing or walking for forty-five minutes before resuming a prior position, provided that she would not abandon her workstation or lose concentration on her assigned work duties during this time. Plaintiff argues that the ALJ did not explain the basis for this aspect of the RFC, which does not accommodate the limitations to which she testified, namely standing for no more than twenty minutes, walking one or two blocks before resting for ten to twenty minutes; sitting for ten to fifteen minutes; holding no position for longer than fifteen minutes; and requiring rest throughout the day. Plaintiff stated that she had good days and bad days, and although she was always fatigued and needed to lie down frequently, on bad days she lay on the couch all day. Overactivity would trigger flare-ups, which could cause her to be inactive for weeks or months.

Plaintiff emphasizes that the ALJ's error was not harmless, because her additional limitations could be expected to keep her off task more than ten or fifteen percent of the day, which would eliminate all jobs according to the VE's testimony.

7

And if she were limited to sedentary work, based on her age and skills, the Medical Vocational Guidelines would direct a finding of disability.

The Court agrees that the ALJ's conclusory finding that "any limitations related to the claimant's body pain are accounted for in the exertional, manipulative, and postural restrictions in the residual functional capacity," (R. 24), is contrary to SSR 96-8p's requirement of a narrative discussion describing the evidence supporting his conclusions. *See* 1996 WL 374184, at *7. There is no basis by which the Court can assess the postural and other limitations in the RFC. *See Briscoe*, 425 F.3d at 352 ("Contrary to SSR 96-8p, however, the ALJ did not explain how he arrived at these conclusions; this omission in itself is sufficient to warrant reversal of the ALJ's decision."). The ALJ did not illuminate why postural changes and five-minute breaks at precisely forty-five minute intervals adequately account for Plaintiff's alleged pain and fatigue from sitting, standing, and walking. The ALJ's silence as to what medical or testimonial evidence he relied upon to formulate these parameters leaves the Court unable to "trace the path of [his] reasoning." *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002).

The Commissioner asserts that it was Plaintiff's duty to offer medical opinions describing her limitations, but impairments caused by fibromyalgia are not always apparent in objective tests. *See Akin v. Berryhill*, 887 F.3d 314, 318 (7th Cir. 2018) ("[W]e are troubled by the ALJ's purported use of objective medical evidence to discredit [the claimant's] complaints of disabling pain because fibromyalgia cannot be evaluated or ruled out by using objective tests."). The Commissioner also

8

points to clinical notes that Plaintiff had a full range of motion in her extremities, no back tenderness, normal grip strength and the ability to manipulate objects, and could perform heel and toe walking. However, these findings do not contradict Plaintiff's claims of limitations caused by incontinence and fibromyalgia; she does not claim to suffer from constant crippling pain, but sporadic pain, fatigue, and incontinence that flare up with activity. As the Seventh Circuit has observed, normal examination findings can be consistent with a claimant's fibromyalgia pain complaints:

> She never testified that she had constant disabling pain, or that her condition totally impaired the abilities tested in these exams. Instead, she said that her pain was triggered by *prolonged* sitting, standing, or activity and stress. The ALJ's analysis reveals that he misunderstood the nature of her fibromyalgia pain. The extent of fibromyalgia pain cannot be measured with objective tests aside from a trigger-point assessment.

*Gerstner v. Berryhill*, 879 F.3d 257, 264 (7th Cir. 2018) (emphasis in original); *but see Thompson v. Colvin*, 575 Fed. App'x 668, 677 (7th Cir. 2014) (unpublished decision) (noting that a diagnosis of fibromyalgia by itself does not entitle plaintiff to benefits). Plaintiff's reported daily activities of cleaning, laundry, shopping, and preparing meals also do not demonstrate, without more, that she retains the ability to sustain full-time employment. *See Jeske v. Saul*, 955 F.3d 583, 592 (7th Cir. 2020). The ALJ acknowledged that Plaintiff suffers from incontinence and fibromyalgia, and Plaintiff testified about her limitations from those conditions. The ALJ was thus required to give a narrative explanation as to how the RFC accommodated all of Plaintiff's impairments.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's request for reversal of the Commissioner's decision is granted, and the Commissioner's motion for summary judgment [Doc. No. 24] is denied.

**SO ORDERED.**          **ENTERED:**

**DATE:**     **August 24, 2021**         _____
                                              **HON. MARIA VALDEZ**
                                              **United States Magistrate Judge**